MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

GREGG W. LOWDER (CABN 107864)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-7044
    Fax: (415) 436-7234
    E-Mail: Gregg.Lowder@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 11-0223 MMC |
| Plaintiff, ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. ) | |
| TRAS GUSTAV KARLSSON BERG, ) | Date:  July 6, 2011<br>Time:  2:30 p.m. |
| Defendant. ) | |

## I.
## INTRODUCTION

FBI agents arrested the defendant after they traced an email threatening to shoot a sitting California United States Senator to him.  The email read, in pertinent part, "I am going to shoot you with a high powered rifle and bomb your house with poison gas the way wolf hunters do if you don't do everything you can to oppose legislation that would eliminate Endangered Species Act protections for wolves across the country RIGHT (expletive deleted) NOW!"  The email continued in detail to explain how the pending Congressional legislation would diminish wolf

U.S. Sentencing Memo
CR 11-0223 MMC                         1

protections.[1]

Once located by the FBI agents, the defendant refused to explain his threat or to recant it – which is unlike the vast majority of other on-line threateners of public officials who immediately recant their threats when contacted by law enforcement. The defendant has remained detained since his arrest due, in part, to his 2010 felony conviction in Marin County for intentionally causing a fire to a sculpture.

The Presentence Report ("PSR") recommends a sentence of four months custody followed by 11 months home confinement with GPS monitoring. The PSR calculates the defendant's adjusted offense level as 12 and his criminal history category as III, resulting in a guidelines sentencing range of 15 to 21 months.

The parties entered a plea agreement pursuant to Rule 11(c)(1)(C). Although the parties arrived at a different offense level calculation in the plea agreement, the government does not now disagree with the PSR's offense level calculation. However, as discussed below, the government maintains that the plea agreement's custodial sentence of four months is a reasonable and appropriate sentence and should be imposed by the Court.

## II.
## A SENTENCE OF FOUR MONTHS IS A REASONABLE SENTENCE GIVEN THE POSTURE OF THE PRESENT CASE

The United States submits that an appropriate custodial sentence is four months.

### A. Sentencing Law

In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court instructed that a sentencing court should take the sentencing guidelines into account in an advisory manner to fashion a reasonable sentence. The sentencing guidelines are "the 'starting point and the initial benchmark.'" *United States v. Kimbrough*, 128 S. Ct. 558, 574 (quoting *United States v. Gall*, 128 S. Ct. 586, 596). Thereafter, a court must evaluate the sentence for substantive

---

[1] Though the charged email relates to one California U.S. Senator, investigation indicated both California Senators received the same email from the defendant. The offices of each Senator have been kept apprised of this case's progress. It does not appear that the Senators or their representative will be present at the hearing. Victim Impact Statements are pending.

U.S. Sentencing Memo
CR 11-0223 MMC                        2

reasonableness. *Gall* at 596-597; *United States v. Carty,* 520 F.3d 984, 988 (9th Cir. 2008) (en banc).

Reasonableness is judged by the factors listed in 18 U.S.C. § 3553(a). *Gall* at 596-597. Section 3553(a) states that a court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Other sentencing factors to be considered include: the need for the sentence to reflect the seriousness of the offense; to promote respect for the law and to provide a just punishment; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide needed training, care and treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

**B. The Offense Level Guidelines Calculation**

The plea agreement of the parties calculates an offense level of 6. The calculation involves a base level of 12 points (per U.S.S.G. § 2A6.1(a)) and a 4 point reduction for the absence of factors of aggravation (per U.S.S.G. § 2A6.1(b)(6)). A further reduction of 2 points is applied for early acceptance of responsibility (per U.S.S.G. § 3E1.1(a)), resulting in an adjusted offense level of 6 points. The parties have no agreement as to the defendant's criminal history. Applying the PSR's Criminal History Category ("CHC") of III, the plea agreement's sentencing range would be 2 to 8 months.

The PSR agrees with the calculations above, but also adds 6 offense level points based on Chapter 3's <u>Official Victim</u> adjustment under U.S.S.G. § 3A1.2(b). The result is an adjusted offense level of 12, which at CHC III provides a range of 15 to 21 months.

The PSR nevertheless recommends 4 months as a reasonable and appropriate custodial sentence, while further recommending 11 months home confinement with GPS monitoring. The sum of custodial time and home detention restriction totals 15 months, the low-end of the guidelines. Such a sentence is requested as a variance, in light of the U.S.S.G. § 5C1.1(f) advisement that a Zone D sentence should be satisfied by a term of imprisonment. PSR at ¶ 63.

The government does not contest the inclusion of 6 points pursuant to U.S.S.G. § 3A1.2(b) as part of an accurate offense level calculation. However, the government submits that

U.S. Sentencing Memo
CR 11-0223 MMC                                3

a four month custodial sentence is a reasonable and appropriate sentence.

**C. A Four Month Custodial Sentence Is Reasonable and Appropriate**

    **1. The Nature and Circumstances of the Offense**

The government submits that a custodial sentence of four months is reasonable and appropriate. In this case, the investigation has led to a number of factors that indicate that the defendant appeared to act on an ill-considered impulse:

- When the defendant was searched after arrest, nothing in his possession indicated he was prepared or preparing to follow through on his email threat.

- A search warrant was served on the defendant's residence shortly after his arrest and arraignment. While the defendant's email threatened to shoot the Senator and bomb her house with poison gas if she didn't vote to protect wolves, no bomb materials, firearms, ammunition or related materials were found in the defendant's home. Nothing in the contents of the residence indicated the defendant was prepared or preparing to follow through on the threat.

- Further investigation revealed the defendant possessed a storage space at a commercial storage facility. Nothing suggests the defendant expected the FBI to locate this storage space. FBI agents served a search warrant on this storage space shortly after the search of the residence. No bomb materials, firearms, ammunition or related materials were found in the space. Nothing in the contents of the storage facility indicated the defendant was prepared or preparing to carry through his email threat.

- A forensic examination of the defendant's external computer hard drive located at his residence failed to reveal any communications, documents or photographs indicating the defendant was prepared or preparing to engage in any personal contact with or violence towards either California Senator.

- Investigation after the defendant's arrest indicates that the defendant's threatening email was part of a mass email lobbying campaign initiated by a national wildlife conservation organization. The subject email arose from a 'take action' request

from the organization. A template for the suggested email was provided by the organization, using the organization's software. Although the organization invited any sender of the email to personalize the email template message before sending it by inserting an introductory sentence, the body of the lengthy email was boilerplate. It appears the defendant personalized the offending email by adding the first sentence only, which contained the threat.

- Investigation further indicated that the template did not specifically identify who the exact recipients of the email would be, other than indicating the email, once submitted through the template that was part of the organization's software, would be sent to a legislator. The organization's software appears not to identify the particular legislator.
- The defendant inserted his true name and accurate address on the threatening email, reflecting an absence of the subterfuge generally associated with an intention to carry out a threat.
- The defendant joined in at least one other earlier mass email lobbying campaign for wolf protection through the same wildlife conservation organization. Two similar emails were generated by the defendant through this format. Those emails were also sent to the California Senators. The two earlier emails involved rhetorical overstatements and threatening imagery, but were deemed by investigators not to be credible threats. The present threatening email appears to be similar to these emails, only with much more directly violent rhetorical overstatement.

Collectively, the evidence tends to indicate a lack of any intent to carry out the threat issued by the defendant. While threatening a sitting United States Senator is very serious criminal behavior, this conduct appears to be an act of short-sighted impulse. A custodial sentence of four months appears appropriate to punish this conduct.

///

///

U.S. Sentencing Memo
CR 11-0223 MMC                5

**2.     The History and Characteristics of the Defendant**

The defendant's most recent prior criminal conviction provides some insight into the defendant's character. In that case, the defendant engaged in an inexplicable act of arson upon a sculpture at an outdoor exhibit. PSR at ¶ 28. Like the present criminal act, the defendant stood to gain no financial or other benefit from the arson. Both crimes appear to reflect the defendant's lack of mature insight into his conduct. This lack of mature insight is further exemplified by the facts underlying his 2002 misdemeanor conviction for improper contact with a teenage girl. The defendant clearly needs supervision to gain better insight and control of his apparently impulsive criminal conduct. The PSR indicates the defendant needs an assessment, and the defendant will need oversight. The government submits that the supervision contemplated by the agreed-upon three year period of supervised release could provide that opportunity.

**3.     The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment, While also Affording Adequate Deterrence from Further Crimes by the Defendant**

The government submits that the defendant has been arrested and incarcerated for approximately four months due to what appears to be an impulsive act that involved serious, criminal threats against a sitting United States Senator. Given that it appears the email was not reflective of any plan to implement the threat and the defendant did not arm himself with the means to carry out the threat, a sentence of four months is reasonable, reflects the seriousness of the law, promotes respect, and affords deterrence of such conduct in the future.

**III.**
**CONCLUSION**

For the foregoing reasons, the United States asks the Court to sentence the defendant in accordance with the plea agreement.

DATED: June 30, 2011                          Respectfully submitted,

                                              MELINDA HAAG
                                              United States Attorney


                                              _____

U.S. Sentencing Memo
CR 11-0223 MMC                      6

1
2
                                          GREGG W. LOWDER
                                          Assistant United States Attorney

U.S. Sentencing Memo
CR 11-0223 MMC                       7