MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

GREGG W. LOWDER (CABN 107864)
Assistant United States Attorney

   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7044
   Fax: (415) 436-7234
   E-Mail: Gregg.Lowder@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 11-0223 MMC |
| )   Plaintiff, ) | **UNITED STATES' REPLY TO DEFENDANT'S SENTENCING MEMORANDUM** |
| v. ) | |
| TRAS GUSTAV KARLSSON BERG, ) | Date: July 6, 2011<br>Time: 2:30 p.m. |
| )   Defendant. ) | |

**I.
INTRODUCTION**

The Presentence Investigative Report ("PSR") recommends a sentence of four months imprisonment.  This recommendation is consistent with the Rule 11(c)(1)(C) binding plea agreement of the parties.

The plea agreement also provides for a period of three years of supervised release with conditions to be fixed by the Court. While the defendant agrees with the PSR's recommendation of four months imprisonment, he objects to a number of conditions of supervised release recommended by the PSR.  Specifically, the defense objects to imposition of 11 months of home detention (conditions two and three), state registration for arson offenses (condition six), a

warrantless search condition *with* reasonable suspicion required (condition seven) and restrictions relating to sex offender treatment and contact with minors (conditions nine through thirteen).

The government submits that the an important aspect of this sentencing is to keep the plea of guilty intact.[1] Certain conditions recommended by the PSR can be implemented by the Court, and their implementation should not violate the terms of the plea agreement given an appropriate record. The conditions at issue are discussed below.

## II.
## SPECIAL SUPERVISED RELEASE CONDITIONS MUST BE SUPPORTED BY THE RECORD, REASONABLY RELATED TO SENTENCING GOALS, AND STRICTLY DRAWN – AND IF THEY INCREASE THE PENALTY, THEN THEY VIOLATE A RULE 11(c)(1)(C) BINDING PLEA AGREEMENT

The plea agreement contemplates that a supervised release period of three years will be imposed, "with conditions to be fixed by the Court." Plea Agreement, ¶ 8. The defense asserts that several conditions recommended by the PSR are not reasonably related sentencing factors for this case. The defense specifically argues that neither the period of home detention nor GPS monitoring can be imposed without rejecting the plea agreement. *Defendant's Sentencing Memorandum* at 7 n.1. The government generally disagrees with these arguments, with some exceptions.

### A. The Applicable Law

Under 18 U.S.C. § 3583(d), a district judge has the discretion to order a special condition of supervised release that is "reasonably related" to the sentencing factors set out in 18 U.S.C. § 3553(a)(1), (2)(B)-(D), if it involves no greater liberty deprivation than reasonably necessary to achieve those factors, and is consistent with pertinent policy statements. *See U.S. v. Blinkinsop,* 606 F.3d 1110, 1118 (9th Cir. 2010). The 3553(a) factors to be considered include the nature

---

[1] To update victim impact statements: after ongoing contacts by the government, the offices of both sitting California U.S. Senators have informed the government that each office chooses not to submit victim impact information in this case and each is satisfied with the felony conviction and proposed outcome in the plea agreement.

U.S. Rely to Defense Sentencing Memo
CR 11-0223 MMC                2

and circumstances of the offense, the defendant's history and characteristics, and the sentencing goals of deterring future offenses, protection of the public, and rehabilitating the defendant. 18 U.S.C. § 3583(d); *U.S. v. King,* 608 F.3d 1122, 1130 (9th Cir. 2010).

A condition of supervised release does not have to be related to the offense of conviction, because the sentencing judge is statutorily required to look forward in time to crimes that may be committed in the future by the convicted defendant. *U.S. v. Blinkinsop,* 606 F.3d at 1119.

Because a sentencing judge has the evidence and impressions of the defendant's credibility, wide latitude is accorded the judge's imposition of supervised release conditions. *Id.* at 1118. On appeal, the defendant bears the burden of proving that a special condition of probation is either not reasonably related to a sentencing factor or, if so, then the special condition involves a greater deprivation of liberty than is reasonably required to achieve deterrence, public protection, and offender rehabilitation. *Id.* at 1119.

While a district court's discretion to set conditions of supervised release is broad even when those conditions affect fundamental rights, restrictions infringing upon fundamental rights are reviewed carefully. *U.S. v. Watson,* 582 F.3d 974, 983 (9th Cir. 2009). A district judge need not state at sentencing the reasons for imposing each condition of supervised release if the reasons are apparent from the record. *U.S. v. Blinkinsop,* 606 F.3d at 1119. However, to impose a condition that implicates a significant liberty interest, the district court must support its decision on the record with evidence justifying the condition. *U.S. v. Watson,* 582 F.3d at 983.

Fed.R.Crim.P. 11(c)(1)(C) provides that a plea agreement specifying a particular sentence binds the Court once the Court accepts the plea agreement. If the sentence contemplated by the Court increases the sentence contemplated by the binding plea agreement, such a sentence is considered not to be consistent with the binding plea agreement and serves as a basis for a defendant to withdraw his plea. However, when a binding plea agreement contemplates supervised release "with conditions to be fixed by the Court," even a supervised release condition that deprives a defendant of a significant liberty interest, such as barring a defendant from entering the City of San Francisco without prior approval of his probation

///

officer, was found not to increase the penalty or invalidate the plea agreement. *U.S. v. Watson,* 582 F.3d at 988.

### B. Proposed Conditions Two and Three: GPS and Home Detention for 11 Months

The PSR recommends monitoring the defendant through active GPS technology, including curfew tracking and exclusion zones determined by the probation officer. The PSR also recommends a condition of home detention of 11 months.

Monitoring by GPS empowers the probation officer to restrict the defendant to locations and times that serve to protect the public. Home detention for an 11 month period similarly permits supervision of the defendant. . Given the defendant's ill-considered past conduct and impulsive behavior, Court findings on the record could support such conditions.

The Court should consider, however, that an 11 month condition of home detention and GPS monitoring could be considered an increase to the penalty to such a degree that the plea agreement would necessarily be considered rejected. While the guidelines treat home detention as a condition of supervised release that substitutes for imprisonment (*see* U.S.S.G. § 5D1.3(e)(2)), case law reflects that an 11 month period of home detention period and GPS monitoring may well increase the penalty contemplated by the binding agreement. (*See, e.g., U.S. v. Randock,* 330 Fed.Appx. 628, 630 (9th Cir. 2009) (240 hours of community service added as a special condition of supervised release was plain error, given a Rule 11(c)(1)(C) plea agreement specified a 36 month imprisonment term and other specific conditions of release).

### C. Proposed Condition Six: State Registration as Arson Offender

The PSR submits in proposed Condition Six that the defendant register as an arson offender pursuant to state law. The defendant's 2010 conviction under California Penal Code section 452(c) is for recklessly causing a fire. That statute does not appear to fall within the requirement for state registration for arson offenders, California Penal Code section 457.1 (a), (b)(2)-(4). The defendant, however, is required to register as a sex offender under state law. A more appropriate condition is simply to admonish and require the defendant to register as required under state law.

///

### D. Proposed Condition Seven: A Warrantless Search Condition with Reasonable Suspicion Is Appropriate

The defendant challenges this search condition as an "enhanced" warrantless search condition and argues that it is unnecessary because the defendant did not possess guns or drugs. The government disagrees on two points. First, this is not the modified search condition sometimes requested by the government. Modifications to warrantless search conditions requested by the government consist of deleting any requirement of probable cause *and reasonable suspicion*. The search condition proposed by the PSR contains a requirement of reasonable suspicion. Second, to the extent the defense contests that either a probation officer *or, in addition, any law enforcement officer* may exercise the proposed search condition, an adequate basis exists in the defendant's current and past conduct and convictions for this condition. The defendant's most recent prior felony conviction involved recklessly starting a fire to valuable property. To start a fire, one requires fire-starting implements. Also, the defendant's present conviction involved the threat of using a high powered rifle and a bomb. These convictions reflect, at the very least, a continuing pattern of recklessness and impulsiveness on the part of the defendant. *See U.S. v. King,* 608 F.3d 1130-1131 (search condition justified, in part, by defendant's continuing pattern of deception). The possession of such implements can be effectively monitored during supervised release by imposing the condition as recommended in the PSR.

### E. Proposed Conditions Nine through Thirteen: Sex Offender Treatment and Restriction on Contacts With Minors

The conditions of release imposed by the Court need not be based on the current offense but on the possible violations a defendant may commit in the future based on the facts known now by Court. *U.S. v. Blinkinsop,* 606 F.3d at 1119. The government submits that the best indicator of future conduct is past conduct. Examining the defendant's past, his criminal acts appear to be at least the result of ill-considered and impulsive conduct. The defendant's criminal convictions start with sexually-related criminal conduct with a 13 year old girl whom he met as a 27 year old middle school substitute teacher in 2003. PSR, ¶ 27. In 2010, the defendant was convicted of recklessly starting a fire that damaged valuable property. A troubling aspect of that

felony was a mystifying semi-justification offered by the defendant, though the defendant ultimately acknowledged his own complete fault. PSR, ¶ 28. The defendant's troubling conduct in the 2010 felony shortly preceded the impulsive acts in the present case. This latter conduct occurred while the defendant was on felony probation in the 2010 case. A thread of, at the least, flawed judgment runs through all of these acts.

The Court can conclude from this conduct that the conditions suggested as 9 through 13 in the PSR are not entirely inappropriate under law. It is possible the Court would want to inform a decision as to whether to impose such conditions following a complete mental assessment of the defendant. The government will, however, submit these conditions to the Court's discretion.

**F. Restitution**

In the PSR, the Victim Impact section (¶10) states that patrols were placed on the U.S. Senator's home for weeks, coordinated via law enforcement agencies. It should be noted that the defendant was arrested within a week of initial notice to law enforcement of an email threat. Patrols were time limited and derived from being redirected. No restitution is being requested by the law enforcement agency involved.

DATED: July 5th, 2011							Respectfully submitted,

											MELINDA HAAG
											United States Attorney


											_____/s/_____
											GREGG W. LOWDER
											Assistant United States Attorney

U.S. Rely to Defense Sentencing Memo
CR 11-0223 MMC					6